NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 16 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ELSA VILLA NAVARRO,

Plaintiff - Appellant,

v.

FRANK BISIGNANO, Commissioner of
Social Security,

Defendant - Appellee.

No. 24-5458

D.C. No.
2:23-cv-06623-JFW-JC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted October 8, 2025[**]
Pasadena, California

Before: WARDLAW, GOULD, and KOH, Circuit Judges.

Appellant Elsa Villa Navarro ("Navarro") seeks review of the district court's

order and judgment affirming the Commissioner of Social Security's

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("Commissioner") denial of Navarro's application for disability benefits. We have jurisdiction under 28 U.S.C. § 1291. As the parties are familiar with the facts, we do not recount them here. We affirm.

We review *de novo* a district court's order upholding the Commissioner's denial of benefits and reverse only if the Administrative Law Judge's ("ALJ") decision is not "supported by substantial evidence or is based on legal error." *Stiffler v. O'Malley*, 102 F.4th 1102, 1106 (9th Cir. 2024) (internal quotation and citation omitted). Substantial evidence is "more than a mere scintilla . . . and means only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal quotation marks and citation omitted). "[T]he ALJ 'is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities.'" *Ford v. Saul*, 950 F.3d 1141, 1149 (9th Cir. 2020) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). And "[i]f the evidence 'is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.'" *Id.* at 1154 (quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)).

The ALJ did not improperly discount Navarro's subjective symptoms testimony. An ALJ must provide "specific, clear, and convincing reasons" for discounting a claimant's subjective symptoms testimony. *Smartt v. Kijakazi*, 53

F.4th 489, 499 (9th Cir. 2022) (quoting *Ahearn v. Saul*, 988 F.3d 1111, 1117 (9th Cir. 2021)).

Here, the ALJ's denial of benefits is supported by substantial evidence. The ALJ provided specific, clear, and convincing reasons to discount Navarro's subjective allegations. The ALJ cited specific inconsistencies with medical evidence and Navarro's daily activity levels. The ALJ explained how Navarro's allegations about difficulties that she was experiencing were inconsistent with Navarro's regular activities. It is well-established that an ALJ may discount a claimant's allegations when her "activities . . . are incompatible with the severity of symptoms alleged." *Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014). The ALJ also explained how Navarro's testimony about her symptoms and limitations conflicted with the objective medical evidence. "When objective medical evidence in the record is inconsistent with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt*, 53F.4th at 498.

**AFFIRMED.**